McGREGOR W. SCOTT
United States Attorney
RICHARD J. BENDER
Assistant U.S. Attorney
501 I Street, 10th Fl.
Sacramento, California 95814
Telephone: (916) 554-2731

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES DAVID THOMPSON, ) <br> ) <br> Defendant. ) <br> _____ ) | CR. NO. S-04-440 EJG <br><br> **STATUS REPORT AND REQUEST FOR CONTINUANCE; ORDER** |

The defendant has pending both the above captioned criminal case and a related civil forfeiture proceeding concerning the defendant's residence (Civ. No. S 04-2242 EJG), which forfeiture case is based on the offense conduct charged in the criminal case. The parties have worked out almost all the details of a plea agreement which would settle this criminal case. However, there remains the issue of how to resolve the forfeiture.

The government wants to obtain a global settlement of both cases to avoid piecemeal litigation. By coming to a global settlement, the defendant hopes to somewhat reduce his sentence in the criminal case and to avoid forfeiting his total interest in the property in the civil case. The government is willing to accept a $20,000 cash payment in lieu of the defendant's full

1

interest in the property (his community property share in the jointly owned real property).  The problem is that the defendant does not have cash or savings in the amount of $20,000 to make the payment and hopes to get these funds out of his interest in the equity of the property.  The property has total equity of about $100,000, and is jointly owned by the defendant and his wife.

    To get the $20,000 in equity out of the house, the options are either for them to refinance the property (to take some of the equity out) or to sell the property and divide up the proceeds.  The first option (refinancing) requires the defendant's wife's approval and her ability to make increased mortgage loan payments since the defendant will be incarcerated for the next few years.  The second option requires the government to take over the defendant's entire interest in the property, force a (judicial) sale, and take the government's $20,000 out of the net proceeds of the sale (with the remainder going to the defendant or the defendant's wife according to their respective interest).[1]  While this option would not require the

---

[1]  The problem with this option is that once the government has assumed the defendant's interest in the property, it belongs to the U.S. Government.  Thereafter, the decision as to whether to remit to the defendant all but $20,000 of the proceeds from the defendant's interest in the property would be vested in officials from the Asset Forefeiture Section of the Department of Justice.  Although the U.S. Attorney's Office could make a recommendation, such recommendation would not be binding on that office.  Moreover, there is no guarantee that the Court would order the property to be sold because, pursuant to 18 U.S.C. Section 983(d)(5), if the Court finds the wife to be an innocent owner, it can (1) sever the property [not possible here], (2) permit the government to sell the property and split the proceeds, or (3) permit the innocent owner to remain on the

2

approval of the defendant's wife, the issue of the respective interest in the property would undoubtedly complicate matters (since the wife's attorney has taken the position that she has more that a 50% community-property ownership interest).  This process is further complicated by both the fact that the defendant is estranged from his wife and because the wife is represented by an attorney in the forfeiture proceedings, which attorney has been difficult to contact and has been no help in attempting to resolve the matter.

At this point, counsel for the government and the defendant need additional time to attempt to resolve this forfeiture issue before we are ready to proceed forward with the entry of guilty pleas.  Defense wants an opportunity to work with the attorney representing the wife to see if they can agree on refinancing the property to take $20,000 in equity out to pay the government.  Thus, it is requested that the court appearance for the entry of plea, presently on the Court's calendar for Friday, August 5, 2005, be continued to Friday, September 9, 2005, to allow the parties to work out this problem. [The government will also be requesting in a pleading to be filed in that case that a status conference be scheduled in the forfeiture case for August 19, 2005.]  It is also requested that time be excluded in this case from calculation under the Speedy Trial Act from August 5, 2005 to September 9, 2005, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii)(case complexity due to connection to the pending civil forfeiture proceeding), with the Court finding that

---

property and give the government a lien.

3

1 //

2 //

3

4 the necessity for the continuance outweighs the interest of the
5 public and the defendant in a speedy trial.

6

7 Dated: August 5, 2005            McGREGOR W. SCOTT
                                    United States Attorney
8

9
                                    By:        /s/
10                                      RICHARD J. BENDER
                                        Assistant U.S. Attorney
11

12
   Dated: August 5, 2005                       /s/
13                                      TIMOTHY L. ZINDEL
                                        Attorney for Defendant
14

15

16                          O R D E R

17 The date for judgment & sentencing of 8/15/05 has been vacated
   and will be reset at the hearing on September 9, 2005.
18

19 It is so ORDERED,

20 this 4th day of August, 2005.

21

22                                      /s/ Edward J. Garcia
                                        EDWARD J. GARCIA
23                                      Senior, U.S. District Judge

24

25

26

27

28

4